# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| PAMELA J. ANDERSON, | ) CASE NO. 09-61263 |
| | ) |
| Debtor. | ) JUDGE RUSS KENDIG |
| | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |

Pamela J. Anderson (hereafter "Debtor") filed a chapter 13 petition on April 6, 2009. Debtor did not file a certificate demonstrating compliance with 11 U.S.C. § 109. Instead, she checked and initialed box four on Official Form 1, Exhibit D and indicated she was not required to receive credit counseling. She did not identify a basis for her alleged exemption from the requirement and did not submit a motion for the Court's consideration. The matter is now before the court *sua sponte*.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division and is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h). There are limited exceptions to the requirement. Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. Section 109(h)(3) provides a "exigent circumstances" exception. As marked on Official Form 1, Exhibit D (hereafter "Exhibit D"), Debtor relies on the exception found in 11 U.S.C. § 109(h)(4). That provision states:

> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability or active military duty in a military combat zone. For the purposes of this paragraph, "incapacity" means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability"

> means that the debtor is so physically impaired as to be
> unable, after reasonable effort, to participate in an
> in person, telephone, or Internet briefing required
> under paragraph (1).

In order to be excepted from the credit counseling under section 109(h)(4), Rule 1007(b)(3)(D) states that a debtor must file "a request for a determination by the court under § 109(h)(4)." This is also indicated on Exhibit D where a debtor is instructed that this section "[m]ust be accompanied by a motion for determination by the court." The time frame for filing the motion is contained in Rule 1007(c): "In an involuntary case, the documents required by (A), (C), and (D) of subdivision (b)(3) shall be filed with the petition."

In spite of these clear directions, debtor failed to file a motion for a determination under section 109(h)(4) and, by failing to check one of the boxes indicating the foundation for her request, did not fully complete section four of Exhibit D. She has failed both procedurally and substantively to appropriately request exemption from the credit counseling requirement. Consequently, debtor cannot prove that she is entitled to be excepted from the requirements of section 109. Under 11 U.S.C. § 109(h)(1), an individual is not eligible to be a debtor without the credit counseling briefing. Since Debtor failed to obtain the briefing, and has not proved her entitlement to an exemption, the Court concludes she is not eligible to be a debtor. Debtor's case shall be dismissed.

An order in accordance with this decision shall be entered forthwith.

/s/ Russ Kendig
------
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Pamela J. Anderson
505 US Hwy 224
Sullivan, OH 44880

Office of the United States Trustee
201 Superior Ave., East
Suite 441
Cleveland, OH 44114

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702